**SAN DIEGO UNIFIED PORT DISTRICT**
**OFFICE OF THE GENERAL COUNSEL**
Thomas A. Russell, Esq. (SBN 108607)
General Counsel
Simon M. Kann, Esq. (SBN 197907)
Deputy General Counsel
3165 Pacific Highway
San Diego, CA 92101
Telephone: (619) 686-6219
Fax: (619) 686-6444
E-mail: skann@portofsandiego.org

**BRODSKY MICKLOW BULL & WEISS, LLP**
Philip E. Weiss, Esq. (SBN 152523)
Edward M. Bull III, Esq. (SBN 141996)
2540 Shelter Island Drive, Suite P
San Diego, California 92106
Telephone: (619) 225-8884
Fax: (619) 225-8801
E-mail: shiplaw@earthlink.net

Attorneys for Plaintiff
SAN DIEGO UNIFIED PORT DISTRICT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIFIED PORT DISTRICT, | Case No. **'19CV0497 DMS NLS** |
| Plaintiff, | IN ADMIRALTY |
| v. | COMPLAINT OF PLAINTIFF FOR NEGLIGENCE UNDER THE GENERAL MARITIME LAW AND CALIFORNIA LAW |
| BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY, an Entity of the State of California, and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff alleges:

## I.

## JURISDICTION

1. This Court has admiralty subject matter jurisdiction pursuant to 28 U.S.C. section 1333(1). This action is a maritime and admiralty claim within the

provisions of Rule 9(h) of the Federal Rules of Civil Procedure, and within the Supplemental Rules for Certain Admiralty and Maritime Claims and of this Honorable Court. Venue is proper in the Southern District because the events giving rise to the claims herein occurred on the navigable waters in the Port of San Diego.

## II.

## PARTIES

2. PLAINTIFF is and was at all times material herein a Public Corporation, existing by virtue of the laws of the State of California. In addition to other services it provides to the public and to companies engaged in commercial enterprises, PLAINTIFF provides certain "wharfage services" for the benefit of commercial vessels and their owners within the Port of San Diego, California. As used herein, "wharfage services" refers to and means dockage and other vessel accommodation services provided by PLAINTIFF for the benefit of the Training Ship GOLDEN BEAR ("T/S GOLDEN BEAR").

3. Defendant BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY administers California State Universities, including California Maritime Academy, pursuant to Title 5 of the California Code of Regulations. It governs the California State University, and all of its campuses, including California Maritime Academy, which operates T/S GOLDEN BEAR, a training vessel of approximately 152 meters in length, 22 meters in beam, with a tonnage of 10,939 long tons.

4. PLAINTIFF is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 though 10 and therefore PLAINTIFF sues these Defendants by such fictitious names. PLAINTIFF will amend its Complaint to allege their true names and capacities when ascertained. In the meantime, Plaintiff is informed and believes that each of the fictitiously named Defendants is affiliated in one way or another with Defendant BOARD OF TRUSTEES OF CALIFORNIA

///

STATE UNIVERSITY and/or California Maritime Academy and are responsible in some manner for the occurrences herein alleged.

5.  PLAINTIFF is informed and believes that all of the DEFENDANTS, including those sued as DOES 1 through 10, were and are the agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, employees and the like of their co-Defendants, and in doing the things hereinafter mentioned, were acting within the course and scope of their authority as such agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, and employees and the like with the permission, ratification or consent of their co-Defendants and thus are legally liable for all of the damages, resulting from the acts or omissions of the others.

## III.

## INTRODUCTORY ALLEGATIONS.

6.  PLAINTIFF refers to Paragraphs 1 through 5 inclusive of this Complaint and incorporates them as though fully set forth here.

7.  As described with greater particularly below, on June 25, 2018 at approximately 9:28 a.m. T/S GOLDEN BEAR allided with the North side of the Broadway Pier, which is located at 1140 North Harbor Drive, San Diego California. The Broadway Pier is owned and operated in public trust by Plaintiff SAN DIEGO UNIFIED PORT DISTRICT.

8.  PLAINTIFF alleges on information and belief that at the time of the allision Captain Lee Donovan, a compulsory Port Pilot (the "Port Pilot"), was aboard advising the navigation officers and crew in the navigation, course and speed of T/S GOLDEN BEAR.

9.  PLAINTIFF further alleges on information and belief that at the time of the allision, although the Master of T/S GOLDEN BEAR, Captain Harry Bolton, was

///

1  receiving advice and input from the Port Pilot, as a matter of law he remained in
2  command of this vessel and had full responsibility for her safe navigation.

3  　　10.　PLAINTIFF alleges further on information and belief that at the time of
4  the allision the Master of T/S GOLDEN BEAR was employed by California Maritime
5  Academy and/or Defendant BOARD OF TRUSTEES OF CALIFORNIA STATE
6  UNIVERSITY.

7  　　11.　At the time of the allision the weather was clear and the water was calm.

8  　　12.　At the time of the allision Port Pilot and the Master of T/S GOLDEN
9  BEAR were attempting to lay flat against three Yokohama fenders evenly, but failed
10 to do so.  T/S GOLDEN BEAR made contact with a Yokohama fender first, which
11 pushed it into the North side of the pier, resulting in the below described damages.

12 　　13.　The docking attempt described above occurred with sufficient force that
13 wooden pilings and wooden fenders, which formerly were in serviceable condition,
14 were broken or otherwise substantially damaged, as well as related damage.

15 　　14.　Notwithstanding San Diego Unified Port District Tariff No. 1-G, Item
16 0350, which requires persons causing damage such as that described above to submit
17 a written report to PLAINTIFF's Executive Director, and which makes the
18 responsible person or entity liable for repair costs, neither the Master nor the Port
19 Pilot, nor anyone else submitted this required report on behalf of T/S GOLDEN
20 BEAR. .

21 　　15.　As mandated by California Government Code sections 900 *et seq*.,
22 PLAINTIFF filed an administrative claim with the California State University, Office
23 of the Chancellor, Systemwise Risk Management on August 3, 2018.  This claim was
24 denied on September 17, 2018.

25 ///
26 ///
27 ///
28 ///

///

## IV.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(For Negligence Under the General Maritime Law and California Law)**

16. PLAINTIFF refers to Paragraphs 1 through 5 and Paragraphs 7 through 15 inclusive of this Complaint and incorporates them as though fully set forth here.

17. The above described maritime casualty was legally caused by DEFENDANTS' negligence or the negligence of their agent(s), including but not limited to the following:

(a) A failure to maintain T/S GOLDEN BEAR in seaworthy condition;

(b) A failure to instruct, or adequately instruct, those operating T/S GOLDEN BEAR as to proper and safe use and operation of this vessel;

(c) A failure to train, or adequately train, those operating T/S GOLDEN BEAR as to proper and safe use and operation of this vessel;

(d) A failure to maintain a proper and adequate look out, as mandated by Rule 5 in Title 33 of the Code of Federal Regulations (the "COLREGS");

(e) A failure to maintain a safe speed, as mandated by Rule 6 of the COLREGS;

(f) A failure to avoid risks of allision, as mandated by Rule 7 of the COLREGS; and

(g) A failure to take necessary action to avoid the allision, as mandated by Rule 8 of the COLREGS.

18. When a moving vessel strikes a stationary vessel, the moving vessel is presumptively at fault. *See, e.g.*, Folkstone Maritime, Ltd., v. CSX Corp., 64 F.3d 1037 (7th Cir. 1995); City of Boston v. S/S TEXACO TEXAS, 773 F.2d 1396 (1st Cir. 1985); and Bunge Corp. v. M/V FURNESS BRIDGE, 558 F.2d 790 (5th Cir. 1977). The Ninth Circuit Court of Appeals, in Wardell v. Dept. of Transp., 884 F.2d 510, 512 (9th Cir. 1989), explained that "The presumption derives from the common-sense observation that moving vessels does not usually collide with stationary objects

1  unless the vessel is mishandled in some way.  It stems also from the observation that
2  'any evidence of actual negligence, or the lack of it, is likely to be known only to the
3  person on board, who are in the position to either keep damaging evidence hidden, or
4  bring favorable evidence forward.'"  The burden of proof is a heavy one and must be
5  proved by a preponderance of the evidence.  <u>CSX Transp., Inc. v. M/V</u>
6  <u>HELLESPONT MARINER</u>, 943 F.2d 48 (4th Cir. 1991).

7  19.    The above and other negligent conduct was a substantial factor in
8  causing harm to PLAINTIFF.

9  20.    As a consequence of the foregoing, PLAINTIFF has been damaged in a
10 sum of not less than $337,456.03, plus prejudgment interest, plus costs of suit, no part
11 of which has been paid by the DEFENDANT or any other entity or person.

## V.
## PRAYER FOR RELIEF

1.    That process in due form of law according to the practices of this Honorable Court issue against the DEFENDANT, citing it to appear and answer all and singular the matters aforesaid;

2.    For property damage according to proof;

3.    For pre-judgment interest;

4.    For costs of suit and attorneys' fees to the extent recoverable; and

5.    For such other and further relief as this Honorable Court deems just and proper.

Dated: March 14, 2019           Respectfully Submitted.

BRODSKY MICKLOW BULL & WEISS LLP

By:    s/Philip E. Weiss, Esq.
       Attorneys for Plaintiff
       San Diego Unified Port District